# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JASWINDER SINGH PABLA d/b/a PABLA INDIA BISTRO INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES, an agency of the United States government; U.S. DEPARTMENT OF HOMELAND SECURITY, an agency of the United States government,<br><br>Defendants. | CASE NO. 2:18-cv-01660-BAT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOOT AND DENYING LEAVE TO SEEK ATTORNEY FEES AND COSTS** |

Defendants move this Court pursuant to Fed. R. Civ. P. 12(b)(1) for an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction because the Complaint is moot. Dkt. 14. Plaintiff Jaswinder Singh Pabla filed his Complaint on November 15, 2018, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, *et seq.*, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, *et seq.*, alleging that Defendants denied his Form I-129, Petition for a Nonimmigrant Worker and requesting an extension of his E-2 status. Dkt. 1. On December 20, 2018, USCIS approved Plaintiff's request for an extension of his E-2 status until January 31, 2020. Dkt. 15, Declaration of Immigration Services Officer ("ISO") Antonio

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COMPLAINT AS
MOOT AND DENYING LEAVE TO SEEK
ATTORNEY FEES AND COSTS - 1

Basurto ("Basurto Dec.,"), ¶ 7.

Because Plaintiff has now obtained the relief he sought in the Complaint, Defendants ask the Court to dismiss the Complaint as moot. Dkt. 14. Plaintiff agrees that his Complaint is now moot and joins in the motion to dismiss. Dkt. 16. However, Plaintiff requests permission to seek recovery of fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendants oppose Plaintiff's request to seek fees and costs because he is not a "prevailing party" in this action. Dkt. 17.

## BACKGROUND

Plaintiff filed his Form I-129 Petition for Nonimmigrant Worker with USCIS on January 31, 2018, seeking to extend his status as an E-2 nonimmigrant treaty investor. Dkt. No. 1, ¶ 7.2. The INA defines "a nonimmigrant treaty investor" as "an alien entitled to enter the United States under and in pursuance of the provisions of a treaty of commerce … solely to develop and direct the operations of an enterprise in which he has invested …." 8 U.S.C. § 1101(a)(15)(E)(ii). Pursuant to regulations, each extension is for a period of two years. *See* 8 C.F.R. § 214.2(e)(20).

According to ISO Basurto, USCIS promptly and carefully adjudicated Plaintiff's Form I-129 Petition, but denied the petition on September 27, 2018, after concluding that Plaintiff had failed to meet his burden of proving that he maintained his nonimmigrant status since July 19, 2016, a prerequisite for approval of an extension of that status. Dkt. 15, Basurto Dec., ¶¶ 2-7; *see also* 8 C.F.R. § 214.1(c) (4). On December 20, 2018, USCIS reopened Plaintiff's Form I-129 file, and after reconsidering the record in its entirety, approved the extension of Plaintiff's E-2 status until January 31, 2020. *See id.* at ¶ 8. ISO Basurto states that while the previous ISO had adjudicated the petition in accordance with the appropriate customary practice, "it would also have been appropriate to attribute more evidentiary weight to the passport stamp than was

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COMPLAINT AS
MOOT AND DENYING LEAVE TO SEEK
ATTORNEY FEES AND COSTS - 2

previously given." *Id*.

## DISCUSSION

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

On a Rule 12(b)(1) motion to dismiss, the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *See*, *e.g.*, *White*, 227 F.3d at 1242. For a facial attack on a court's subject matter jurisdiction, the factual allegations are presumed true, and the motion is granted only if the plaintiff does not set forth the elements necessary for subject matter jurisdiction. *See Doe v. Schachter*, 804 F.Supp. 53, 57 (N.D. Cal. 1992). In a factual attack, as presented here, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment, and the court need not presume the truthfulness of the plaintiff's allegations. *See*, *e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); Dkt. 15, Basurto Dec.

The parties agree that the case is moot because Plaintiff has now received the relief requested in his Complaint. Mootness deprives a court of the power to act when there is nothing to remedy. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Already, LLC v. Nike, Inc.*, 568 U.S.

85, 89-90 (2013); *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). Accordingly, this case may be dismissed.

**B.      EAJA Fees and Costs**

Less than one month after Plaintiff filed this lawsuit, USCIS reopened his petition and approved the extension of Plaintiff's E-2 status until January 31, 2020. Dkt. 15, Basurto Dec., ¶ 8. This approval occurred even though Plaintiff provided no new or additional evidence to the agency and only after he was forced to file his lawsuit in federal court. Thus, Plaintiff contends he is entitled to seek EAJA fees and costs because he is the "prevailing party" herein and the position of the government was not reasonable. Dkt. 16 at 1-2.

However, to be a "prevailing party" for EAJA purposes, a party must successfully obtain a judicially sanctioned material alteration of his or her legal relationship with the United States. *See*, *e.g.*, *Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016); *Klamath Siskiyou Wildlands Center v. United States Bureau of Land Management*, 589 F.3d 1027, 1031-32 (9th Cir. 2009), *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007). A "material alteration" is one in which "the defendants [are] required to do something directly benefiting the plaintiff that they otherwise would not have had to do." *Carbonell v. Immigration and Naturalization Service*, 429 F.3d 894, 900 (9th Cir. 2005).

To be "judicially sanctioned," a change in the material relationship between the party and the United States must be "stamped with some judicial imprimatur." This generally means that the alteration flows from a court order. *See*, *e.g.*, *Carbonell*, 429 F.3d at 899-902; *Klamath*, 589 F.3d at 1031; *Osman v. Mukasey*, 553 F.Supp.2d 1252, 1255 (W.D. Wash. 2008). Relief achieved through a voluntary change that was simply prompted by the lawsuit does not convey prevailing party status on the plaintiff. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of*

*Health & Human Res.*, 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction"). Here, USCIS was not compelled by this Court to approve Plaintiff's I-129 application, but did so voluntarily after this lawsuit was filed. Therefore, Plaintiff is not a "prevailing party" for purposes of EAJA.

Accordingly, it is **ORDERED** that this case is **DISMISSED as moot** as Plaintiff has received the benefit he sought in his Complaint. It is further **ORDERED** that Plaintiff's request to seek recovery of fees and costs pursuant to EAJA, 28 U.S.C. § 2412(d), is **denied**.

DATED this 1st day of April, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS COMPLAINT AS
MOOT AND DENYING LEAVE TO SEEK
ATTORNEY FEES AND COSTS - 5